**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 11, 2006**

**TENTH CIRCUIT**

WENDELL R. HAMILTON,

Petitioner-Appellant,

v.

JUSTIN JONES, Warden,

Respondent-Appellee.

No. 06-6200

(W.D. of Okla.)

(D.C. No. CV-05-836-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Wendell Hamilton, a Nebraska state prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

For substantially the same reasons set forth by the magistrate judge, whose

thorough report and recommendation was adopted by the district court, we deny

the COA and dismiss this appeal. We also deny Hamilton's request to proceed in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

forma pauperis (IFP) because he has failed to make the requisite showing that this appeal was made in good faith.

## I. Background

In January 2001, eleven Oklahoma City area stores (mainly convenience stores and fast-food restaurants) were robbed. In seven of the robberies, a man approached the store clerk and handed him a note that said "this is a robbery" and instructed the clerk to turn over the money and he would not be shot. In the other four cases, the perpetrator would either ask for change or make a small purchase and then flash what appeared to be a pistol handle in his waistband, announce the robbery, and demand cash. After the robbery of a Dunkin Donuts shop on January 22, 2001, Hamilton and his son were stopped by a police officer responding to the scene. From Hamilton's car, the officer recovered a Dunkin Donuts bag, a coat matching the description given by the store clerk, $150 in cash, a toy pistol, and a crack pipe.

The evidence amassed against Hamilton was considerable: the victims of all eleven robberies identified Hamilton as the assailant; Hamilton's son admitted to driving the getaway car in several of the robberies; a handwriting expert concluded Hamilton wrote six of the robbery notes, and his son admitted to writing the seventh; during police interrogation, Hamilton admitted to committing three of the robberies, explaining that his ongoing drug habit was the impetus.

Hamilton was convicted by a jury on ten counts of first degree robbery, one count of robbery with an imitation firearm, and one count of possession of drug paraphernalia. Receiving enhancements for prior felony convictions, Hamilton was sentenced to eleven consecutive life terms of imprisonment. The Oklahoma Court of Criminal Appeals affirmed his conviction on November 7, 2003 but modified the sentence so that the consecutive life terms would run concurrently. Hamilton's subsequent application for post-conviction relief was denied by the state district court on March 15, 2005. That decision was affirmed by the Oklahoma Court of Criminal Appeals on June 16, 2005.

Hamilton next filed a federal habeas petition, which the district court denied. *Hamilton v. Miller*, CIV-05-836-M (W.D. Okla. May 23, 2006). In doing so, the district court adopted the report of the magistrate judge concluding each of Hamilton's claims lacked merit under the standard established by 28 U.S.C. § 2254(d), i.e., that a writ of habeas corpus under § 2254 can be granted only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or if the state court applied the correct legal rule that nevertheless resulted in an unreasonable determination of the facts. Hamilton's subsequent appeal was construed by the district court as a petition for a COA. In an order dated June 16, 2005, the district court denied that petition. Hamilton now appeals to this Court.

## II. Analysis

Hamilton is entitled to a COA if he can make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). Such a showing can be made by demonstrating the issues raised are susceptible to debate among jurists of reason. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). This Court gives deferential treatment to state court decisions in considering a habeas petitioner's request for COA. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Hamilton raises six claims on appeal: (1) the trial court erred in permitting the joinder for trial of all eleven robbery counts and the drug paraphernalia count; (2) his sentences were excessive under the Eight Amendment and the Oklahoma Constitution; (3) trial counsel was ineffective for conceding guilt with respect to two of the robbery counts without first consulting with Hamilton and for stipulating to his prior convictions at trial; (4) appellate counsel was ineffective for failing to raise certain defenses on appeal due to a conflict of interest with trial counsel stemming from their working together at the Oklahoma public defender's office; (5) the trial court erred in instructing the jury under the enhancement provisions applicable to habitual offenders generally, rather than those applicable to robbery offenses specifically; and (6) appellate counsel was ineffective for failing to raise the enhancement issue on appeal.

-4-

Because Hamilton has failed to show that reasonable jurists would conclude the trail court's resolution of any one of these issues is "debatable or wrong," we deny his request for a COA. In so doing, we adopt the conclusions of the magistrate judge, whose 25-page report and recommendation reflects a careful analysis of the record and is amply supported by applicable law. We briefly address each claim in turn.

*Joinder of Counts*

To the extent Hamilton argues that joinder was improper under state law, he fails to state a cognizable claim for federal habeas relief. *Webber v. Scott*, 390 F.3d 1169. 1177 n.5 (10th Cir. 2004). He argues joinder violated his federal right to due process, but this claim is procedurally barred for failure to raise it at the state court level. Hamilton may bypass the procedural bar only if he can show cause and actual prejudice resulting from his default, or that failure to consider his claim will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991). We agree with the magistrate judge that Hamilton is unable to make either showing.

*Excessive Sentence*

Hamilton's claim that his sentences were excessive because the trial court ordered the eleven life sentences to be served consecutively was dismissed by the magistrate judge because the issue was resolved on direct appeal. The Oklahoma Court of Criminal Appeals modified the sentence such that the life terms would

be served concurrently rather than consecutively.  Since Hamilton concedes in his reply that relief has been granted on this point, his argument on appeal fails.

*Ineffective Assistance of Counsel*

Hamilton also asserts three grounds for relief based on ineffective assistance of counsel under the Sixth Amendment.  Based on the recommendation of the magistrate judge, the district court found none of those grounds met the applicable standards.  To implicate the Sixth Amendment, counsel's representation must fall "below an objective standard of reasonableness," resulting in "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  Hamilton cannot demonstrate prejudice to his case under any of the arguments articulated.

*Error Predicated on Enhancement Instructions*

Hamilton's final claim is that the trial court erred by instructing the jury under the general enhancement provisions of Okla. Stat. tit. 21 § 51.1(B) rather than under the specific enhancement provisions applicable to robberies committed with a dangerous weapon.  Pursuant to the general statute, the jury was instructed that the minimum enhancement was twenty years as opposed to ten years under the specific statute.

But as the magistrate judge's report makes clear, errors relating to jury instructions are not reviewable in a federal habeas action "unless they are so

fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting *Long v. Smith*, 663 F.2d 18, 23 (6th Cir. 1981)). We agree this standard has not been satisfied here.

Significantly, the choice to use the general enhancement instructions in Hamilton's case has been explicitly sanctioned by the Oklahoma Court of Criminal Appeals, which has held that "when one of the predicate offenses is not a robbery offense and the new offense is a robbery offense, it is proper to enhance under either [section]." *Turner v. State*, 803 P.2d 1152, 1158 (Okla. Crim. App. 1990) (internal citations omitted). As the magistrate judge's report indicates, one of the offenses used to enhance Hamilton's sentence was not a robbery offense but a felony conviction for check fraud. Thus, Hamilton's case falls squarely within the language of the Court of Criminal Appeals and the trial court did not err in issuing the general instructions.

*Motion to Proceed IFP*

With respect to Hamilton's motion to proceed IFP, such requests are only granted if the petitioner can show his appeal is taken in good faith and that he lacks the financial ability to pay required fees. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Since we accept the district court's conclusion that Hamilton has "not presented a reasoned, nonfrivolous argument on appeal," District Court Order at 2, the motion is denied.

-7-

### III. Conclusion

Hamilton has failed to make a substantial showing of the denial of a constitutional right. Therefore, we DENY his request for a COA and DISMISS this appeal. His motion to proceed IFP is likewise DENIED because he has not made the requisite showing that his appeal is in good faith.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge